FILED

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

00 MAR -2 AM 9:00

U.S. DISTRICT COURT
N.D. OF ALABAMA

| | |
|---|---|
| CURTIS LEE HENDERSON, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 97-P-1050-S |
| ) | |
| WARDEN STEVE DEES and ) | |
| THE ATTORNEY GENERAL OF ) | ENTERED |
| THE STATE OF ALABAMA, ) | |
| ) | MAR 2 2000 |
| Respondents. ) | |

**MEMORANDUM OF OPINION**

The petitioner has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging the constitutional validity of his capital murder conviction and life without the possibility of parole sentence that he received in the Circuit Court of Talladega County. On January 10, 2000, a magistrate judge of this court entered a report and recommendation that the case be dismissed with prejudice because the petition was filed outside the one-year statute of limitations under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). 28 U.S.C. § 2244(d)(1).

The magistrate judge found that the petitioner's judgment of conviction became final on April 13, 1993. Since § 2244(d)(1) was not signed into law until April 24, 1996, the one-year period of limitations commenced on April 24, 1996. The period for filing his petition expired on April 23, 1997. *See Wilcox v. Florida Dep't of Corrections*, 158 F.3d 1209, 1211 (11th Cir. 1998). Although the present petition was stamped filed by the Clerk of the Court on April 29, 1997, that did not end the matter. The petitioner asserted that the "petition was timely filed on

April 23, 1997 by placing [the] same in institutional mail." (Doc. 7, p. 1).

In support of his position, the petitioner submitted the affidavit of inmate Timothy L. Jemison which unequivocally states that the petitioner was working on his petition until April 23, 1997, and it was placed in the institutional mail on April 24, 1997. (Doc. 9, Jemison affidavit).

In reviewing the petitioner's allegations, the magistrate judge noted:

> In *Houston v. Lack*, 487 U.S. 266, 108 S. Ct. 2379, 108 L. Ed. 2d 2379 (1988), the Supreme Court held that notices of appeal by *pro se* prisoners are considered filed when they are delivered to prison officials for mailing, instead of when they are technically filed with the court. In *Garvey v. Vaughn*, 993 F.2d 777, 780 (11th Cir. 1993), the Eleventh Circuit Court of Appeals extended the *Houston* rule to the date a § 1983 or Federal Tort Claims Act action is turned over to prison authorities for mailing. The Eleventh Circuit has not addressed the issue of whether *Houston* applies to the filing of a habeas action under § 2254. In *United States v. O'Kaine*, 971 F. Supp. 1479 (S.D. Ga. 1997), the district court extended *Houston* to the filing of habeas actions by *pro se* prisoners. The *O'Kaine* court relied on *Garvey* in extending *Houston*. Specifically, the *O'Kaine* court found that the same disadvantages burdening a § 1983 *pro se* prisoner plaintiff are also present when a *pro se* prisoner files a motion pursuant to 28 U.S.C. § 2255.

(Doc. 21, p. 6). The magistrate judge concluded his review by finding:

> Even if the petitioner's habeas petition in this case is deemed "filed" when it was placed in the institutional mailbox on April 24, 1997, the petition is still not filed within the one-year limitation period because the petitioner only had until April 23, 1997, in which to file the petition. Accordingly, the petition is time-barred whether the relevant "filing" date is April 29, 1997, or April 24, 1997.
>
> At first glance, this result may seem harsh since the petitioner was only one day late. However, a more accurate assessment shows that he was extremely dilatory in pursuing his federal remedy. His conviction was final in 1993, four years prior to the present filing. He had filed no state post-conviction actions. The Eleventh Circuit decision in *Wilcox* afforded him a full year after enactment of AEDPA to file his claims. Thus, he was in effect filing his petition four years after it was final and one year and one day after AEDPA was enacted.

(*Id.*, pp. 6-7)(footnote omitted).

In the objection to the report and recommendation, the petitioner now asserts that Inmate

2

Jemison was incorrect when he stated that the petition was filed on April 24, 1997. (Doc. 22, p. 2). Specifically, the petitioner states:

> Petitioner Henderson aver [sic] Mr. Jemison "presumed" that he was placing his Habeas Corpus Petition in the institutional mail the morning he walked with him to breakfast "it was not the habeas corpus petition." Postage were loaned to petitioner Henderson "after" mailing of Habeas Corpus petition. He was in need of postage for other mail. The Petition was completed the evening of April 23rd 1997 also notaries [sic] by then Notary Public Bruce A. Willis (Doc. 1 p. 10). An eventful day, because notary service is conducted on Tue. and Thur. If correct the 23rd of April 1997 was on a Wednesday and enabled the Petitioner to beat the deadline by one day relying on the "Habeas Deadline Alert." (Doc. 7, Exhibit-A). The Notary seal and signature will verify to its completeness (Doc. 1 p. 10) also the time and where notary service was being held enabled petitioner to place Habeas Corpus petition in the institutional mail with the "approval" of Bruce A. Willis Notary Public [and] also COI Officer to do so on the 23rd of April 1997. Petitioner Henderson can only state Mr. Jemison was "mistaken" as to the content that were mailed on the 24th of April 1997 and points the court's attention to the signature of Timothy Lee Jemison (Doc. 1, p. 10-11), (Doc. 7 P. 1(3), p. 2(9) and p. 3). Verifying the completion and mailing of Habeas Corpus petition. . . .

(Doc. 22, p. 2).

Jemison's affidavit, which was submitted by the petitioner, clearly and unequivocally states, "I personally assisted Petitioner Henderson in preparing his writ of habeas corpus, loaned Mr. Henderson the necessary postage to mail his petition and at breakfast walked to breakfast with Mr. Henderson and watched as he placed his petition in the institutional mail at about 5:30 a.m. April 24, 1997." (Doc. 9, Jemison affidavit, p. 1). It was only after the magistrate judge found that the petition was untimely that the petitioner asserted that Jemison was mistaken as to what was filed on April 24, 1997. Under the circumstances before the court, the objection submitted by the petitioner is not well-founded and is due to be denied. The evidence before the court shows that the petition was filed untimely. The petitioner's assertion that he purportedly was given "approval" to file the petition on April 23, 1997, does not change the result in this

case.

In his objection, the petitioner also states that he filed his petition on April 23, 1997, premised on a document called the "Habeas Deadline Alert" that was provided by prison personnel. To the extent he is asserting that this should entitle him to review of his claims on the merits, the court finds otherwise. Some courts have found that, under certain circumstances, the limitations period of § 2244(d)(1) may be equitably tolled, provided that the petitioner has diligently pursued his claims. *See McLester v. Hopper*, 67 F. Supp. 2d 1308, 1310 (M.D. Ala. 1999) (listing cases in which courts have found that equitable tolling applies to AEDPA). In finding that the similar statute of limitations for actions under 28 U.S.C. § 2255 may also be equitably tolled, the Eleventh Circuit has stated:

> To our knowledge, no court of appeals has held whether § 2255 permits equitable tolling on grounds apart from those specified in the statute. [Footnote omitted]. This field is not completely unploughed, however: A consensus is forming that the similar period of limitations found in 28 U.S.C. § 2244, which governs 28 U.S.C. § 2254 petitions, does permit equitable tolling. *See Calderon v. United States Dist. Ct.*, 163 F.3d 530, 541 (9th Cir. 1998) (en banc); *Davis v. Johnson*, 158 F.3d 806, 810 (5th Cir. 1998), *cert. denied*, --- U.S. ----, 119 S. Ct. 1474, 143 L. Ed. 2d 558 (1999); *Miller v. New Jersey State Dep't of Corrections*, 145 F.3d 616, 618 (3d Cir. 1998); *Miller v. Marr*, 141 F.3d 976, 978 (10th Cir.), *cert. denied*, --- U.S. ----, 119 S. Ct. 210, 142 L. Ed. 2d 173 (1998).

*Sandvik v. United States*, 177 F.3d 1269, 1271 (11th Cir. 1999). The court further stated:

> Equitable tolling is appropriate when a movant untimely files because of extraordinary circumstances that are both beyond his control and unavoidable even with diligence. *See, e.g., Irwin*, 498 U.S. at 96, 111 S. Ct. at 458 ("[Federal courts] have generally been much less forgiving in receiving late filings where the claimant failed to exercise due diligence in preserving his legal rights."); *Calderon*, 163 F.3d at 541 ("[T]he time bar ... can be tolled 'if "extraordinary circumstances" beyond a prisoner's control make it impossible to file a petition on time.'") (quoting *Calderon*, 128 F.3d at 1288-89); *Miller*, 145 F.3d at 619 ("Mere excusable neglect is not sufficient [to toll the bar]."); *Marr*, 141 F.3d at 978 (not knowing about the period of limitation until too late is not a ground for equitable

4

> tolling). Sandvik's motion was late because his lawyer sent it by ordinary mail from Atlanta less than a week before it was due in Miami. While the inefficiencies of the United States Postal Service may be a circumstance beyond Sandvik's control, the problem was one that Sandvik's counsel could have avoided by mailing the motion earlier or by using a private delivery service or even a private courier.

*Sandvik*, 177 F.3d at 1271-72.

In this case, the petitioner is not entitled to equitable tolling because his untimeliness was not due to "extraordinary circumstances that [were] both beyond his control and unavoidable even with diligence." *Sandvik*, 177 F.3d at 1271. The petitioner waited four years after his conviction was final to file his federal habeas petition. Nothing prevented him from filing his petition at any time from the date it became final in 1993 until the statute of limitations date of April 23, 1997. Consideration of the petition is barred based on the petitioner's delay in taking action.

Upon consideration of the entire file in this action, including the Magistrate Judge's Report and Recommendation and the objection of the petitioner, the court has reached an independent conclusion that the Magistrate Judge's Report and Recommendation is due to be adopted and approved. The court hereby adopts and approves the findings and recommendation of the magistrate judge as the findings and conclusion of the court. In accordance with the recommendation and the foregoing discussion, this petition for a writ of habeas corpus is due to be dismissed because it was untimely filed under the applicable statute of limitations. An appropriate order will be entered.

**DONE**, this 1ˢᵗ day of March, 2000.

_____
SAM C. POINTER, JR.
UNITED STATES DISTRICT JUDGE

6